JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Emmanuel Bell ("defendant"), appeals his 20-year prison sentence. After reviewing the facts of the case and pertinent law, we affirm.
 {¶ 2} Appellant cites one assignment of error for our review:
 {¶ 3} "I. The sentence imposed by the court is inconsistent with the principles and purposes of sentencing under the Ohio Revised Code and therefore contrary to law."
 {¶ 4} On March 3, 2008, defendant pled guilty to attempted murder in violation of R.C. 2903.02 and aggravated robbery in violation of R.C. 2911.01, both first degree felonies. On March 4, 2008, the court sentenced defendant to two consecutive prison terms of ten years each, for a total sentence of 20 years, the maximum allowed under the law for the offenses committed. Defendant appeals from this sentencing order, arguing that the sentence is contrary to law because it is excessive.
 {¶ 5} State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, addresses the standard for reviewing felony sentencing decisions after State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Kalish, in a plurality decision, holds that appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine *Page 4 
whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Kalish, supra, at 23.
 {¶ 6} In determining whether defendant's sentence in the instant case is contrary to law, we look to R.C. 2929.14(A)(1), which states that courts shall impose a prison term of three, four, five, six, seven, eight, nine, or ten years, for first degree felonies. Defendant's convictions for attempted murder and aggravated robbery are both first degree felonies; therefore, defendant's sentence of two ten-year prison terms is within the statutory range.
 {¶ 7} We also find that the court properly included postrelease control as part of defendant's sentence, stating that at the conclusion of his prison term, he is required to serve five years of postrelease control. See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 8} Next, we must determine whether the trial court considered the purpose and principles of felony sentencing found in R.C. 2929.11 and the seriousness and recidivism factors of the offenses found in R.C. 2929.12 when sentencing defendant. The court in the instant case expressly mentioned these statutes and found that defendant had one prior non-violent felony. However, the court also found that the seriousness of the offense committed outweighed defendant's prior record. Specifically, the court stated that it found "no reason to decide anything but that a prison sentence is necessary in order to protect the *Page 5 
public and not demean *** the seriousness of the offense. I do find this is the worst form of the offense, and, also, find that the offense at issue is great, as there was severe physical harm caused and that consecutive sentences are necessary here in order to fulfill the purposes and principles of sentencing. And they would not be disproportionate to the offender's conduct in this case and would be necessary in order to protect the public."
 {¶ 9} Accordingly, under the first prong of the Kalish test, we conclude that the court "clearly and convincingly complied with the pertinent laws." Kalish, supra, at 26. The details of the court's findings will be analyzed below under the second prong ofKalish.
 {¶ 10} We now review the trial court's decision for an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In the instant case, the court took the following into consideration on the record. Defendant attacked the victim from behind and repeatedly beat him over the head with a rock. The incident was captured on surveillance tape and lasted approximately seven-and-a-half minutes. Two Cleveland police officers testified that this incident was one of the worst physical beatings they had ever been involved with that did not result in death. A representative of the Cleveland Community Relations Board testified that this incident is still *Page 6 
discussed at neighborhood watch meetings as an example of a vicious crime that put fear in the community. The victim testified that he was just trying to do his job when defendant almost killed him, and he requested that the court impose the maximum sentence. Finally, defendant testified on his own behalf, apologizing to everyone involved in the incident, and stating that he wanted to get help and move on.
 {¶ 12} After considering this evidence, the court stated the following: "The information provided to the Court today in terms of video and the statements here made by the officers and by the victim himself were compelling and, certainly, the Court can note from its review of that video that this is one of the worst scenes the Court has ever been made aware of with respect to one person's attack on another.
 {¶ 13} "There are times which this Court felt as if you were trying to kill a bug, Mr. Bell. I mean the relentless nature of this attack and the callus disregard for another human being's life certainly don't merit any leniency from this Court. The fact that the beating went on, and on, and on.
 {¶ 14} "And whether or not you were on drugs or intoxicated, that's never been an excuse under the law and it's not going to start becoming an excuse now. If you were on drugs, then you take responsibility for your actions while you're on drugs. *Page 7 
 {¶ 15} "You may have had a troubled life, some of the information indicates, but that's unfortunately the case that comes with most people that come before this Court with a criminal offense. That is not an excuse either. There is basically no excuse for this offense. It is shameful, to say the least. And again, it is probably the most savage and brutal offense that I've seen outside of a murder."
 {¶ 16} Because there is nothing in the record suggesting that defendant's sentence is unreasonable, arbitrary, or unconscionable, we find that the court did not abuse its discretion. Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1